EDWARD KREITZ, Appellant, v. ROSE AUSTIN, Respondent.—

Rabin, Acting P. J., Martuscello and Benjamin, JJ., concur; Hopkins and Munder, JJ., dissent and vote to reverse the order and to grant plaintiff's motion to the extent of severing the second counterclaim and transferring it to the Family Court for further proceedings not inconsistent herewith, with the following memorandum: Plaintiff sues for a partition of land owned by the parties as tenants in common and for an accounting. Defendant's answer contains a (second) counterclaim in which it is alleged that the parties lived together as husband and wife, that a child was born to defendant, that plaintiff is the father of the child, and that, since plaintiff has not supported the child, support payments should be awarded to defendant and an accounting made to determine the amount owing by plaintiff. Plaintiff's motion to dismiss that counterclaim was denied by the order under review. On this appeal plaintiff urges that the counterclaim should be

transferred to the Family Court. The counterclaim in essence seeks to establish the paternity of the child. Though a counterclaim may be any cause of action in favor of a defendant against a plaintiff (CPLR 3019, subd. [a]), and thus this counterclaim was properly interposed in this action, the question remains whether, as a matter of judicial discretion, the Supreme Court ought to determine the counterclaim under the circumstances of this case. Section 511 of the Family Court Act gives to the Family Court "exclusive original jurisdiction in proceedings to establish paternity and, in any such proceedings in which it makes a finding of paternity, to order support and determine custody". But these words cannot be read literally as impairing the jurisdiction of the Supreme Court (*Kagen* v. *Kagen,* 21 N Y 2d 532, 537–538). The counterclaim cannot therefore be dismissed. Nevertheless, the Supreme Court is authorized to transfer any action to any court having jurisdiction of the subject matter (N. Y. Const., art. VI, § 19, subd. a); and the language of the Family Court Act, importing a legislative preference that paternity proceedings be decided in the Family Court, must be accorded significance. Indeed, the Family Court Act provides for the use of blood grouping tests and auxiliary services of the Family Court (see Family Ct. Act, §§ 532, 534, 424), which indicates a recognition of the specialized capacity of the Family Court in parternity proceedings. As the Court of Appeals said in *Kagen* v. *Kagen* (21 N Y 2d 532, 538, *supra*), it becomes the subject of the exercise of discretion whether in instances of concurrent jurisdiction the Supreme Court should transfer a matter to the Family Court, for "In many cases, obviously, this would be the better practice." In the circumstances of this case, we think that the Supreme Court should make the transfer of the paternity claim to the Family Court, for the following reasons: 1. The Family Court has facilities and expertise better suited to the proceeding. 2. The issues in the partition action are not intertwined with the paternity issue, so that the trial of one would have no relation to that of the other. 3. The issue of support, if plaintiff's paternity should be established, and the amount, if any determined to be owing by him, does not properly belong in the accounting branch of the partition action. The accounting under the partition deals with liabilities arising from the use and management of the land alone (cf. Real Property Actions and Proceedings Law, § 945; *Goergen* v. *Maar,* 2 A D 2d 276; *Sirianni* v. *Sirianni,* 14 A D 2d 432; *Collin* v. *Seacombe,* 277 App. Div. 1141). If the amount of the support found to be owing has not been paid by plaintiff then defendant would be relegated to her rights as a creditor (cf. Real Property Actions and Proceedings Law, § 929). 4. The partition action should not be impeded by the trial of the factual issues in the paternity claim. Hence, the counterclaim should be severed and transferred to the Family Court for disposition.